# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELITO C. MERCADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-0972-TWP-MJD |
| | ) |
| COLUMBUS POLIC DEPARTMENT, | ) |
| MAYOR LEINHOOP, OFFICER | ) |
| FRANK DICKMAN, | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.** *In Forma Pauperis*

Plaintiff Angelito C. Mercado's motion to proceed *in forma pauperis*, [dkt 2], is **denied without prejudice** because he failed to submit a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of his complaint on March 29, 2017, as required by 28 U.S.C. § 1915(a)(2). Mercado shall have **through April 20, 2017,** in which to either pay the $400.00 filing fee or renew his request for *in forma pauperis* status with the required information. Failure to do so may subject the case to dismissal for failure to comply with Court orders.

**II.**

Mercado alleges that on April 2, 2016, Officer Frank Dickman of the Columbus Police Department approached him and placed him in handcuffs. Two other officers intervened and made Officer Dickman release Mercado. His claim is construed as one of seizure or arrest without probable cause in violation of the Fourth Amendment.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), a pre-trial detainee at the Bartholomew County Jail, the complaint is subject to the screening requirement of 28 U.S.C.

§ 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III.

This claim is **dismissed** for failure to state a claim upon which relief can be granted. The allegations set forth in the complaint are duplicative to the allegations set forth in *Mercado v. Leinhoop, Frank Dickman*, 1:17-cv-974-LJM-MJD.

A lawsuit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (*quoting Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (*citations omitted*)). That is the case here. This civil action is identical in all material respects to *Mercado v. Leinhoop, Frank Dickman*, 1:17-cv-974-LJM-MJD, also filed on March 29, 2017. The complaint submitted in this action is strikingly similar to the complaint in 1:17-cv-974-LJM-MJD. There is no reason for duplicative lawsuits which drain scarce judicial resources. Accordingly, **this action is dismissed without prejudice**. *See Rizzo v. City of Wheaton, Ill.*, 462 Fed. Appx. 609, 613, 2011 WL 5903823, 3 (7th Cir. 2011) ("District courts have ample discretion to dismiss duplicative litigation. . . ."); *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d

624, 629 (7th Cir.1995)("Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources.").

Because this complaint is being dismissed as duplicative, Mercado's motion to retain video surveillance, [dkt. 4], is **denied**.

Mercado shall have **through April 20, 2017,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED**.

Date: 4/4/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANGELITO C. MERCADO
Bartholomew County Jail
543 2nd Street
Columbus, IN 47201